[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 13, 2009
THOMAS K. KAHN
CLERK

No. 09-10377
Non-Argument Calendar

_____

D. C. Docket No. 03-20914-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLTON DUNKLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 13, 2009)

Before BIRCH, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Carlton Dunkley appeals his seventy-five month sentence for conspiring to

import into the United States 1000 kilograms or more of marijuana. Dunkley argues that his sentence is substantively and procedurally unreasonable. He contends that his sentence is substantively unreasonable because (1) it is greater than necessary to comply with the statutory goals of § 3553(a); (2) his crime was non-violent and he has no prior criminal record; (3) his sentence will be more severe for him than for a similarly situated American citizen because he will not be able to visit his family regularly; and (4) his sentence does not reflect the three years he spent in a Jamaican prison awaiting extradition. Dunkley argues that his sentence is procedurally unreasonable because the district court failed to articulate the particular § 3553(a) factors used in fashioning his sentence. Our review of the record and the parties' briefs leads us to a contrary conclusion. Accordingly, we AFFIRM.

## I. BACKGROUND

In November 2003, a federal grand jury returned a two-count indictment against Dunkley. See R1-3 at 1-3. In 2004, Dunkley was arrested in Jamaica, and, in July 2008, he was extradited to the United States. Pursuant to a written plea agreement, Dunkley pleaded guilty to Count One, which charged him with conspiring to import 1000 kilograms or more of marijuana into the United States, in violation of 21 U.S.C. § 952(a); all in violation of 21 U.S.C. §§ 963 and

2

960(b)(1)(G). See R1-27. The parties stipulated that Dunkley's offense involved at least 1000 kilograms but less than 3000 kilograms of marijuana.[1] See id. at 5.

In preparing the Presentence Investigation Report ("PSI"), the probation officer calculated a base offense level of 34 pursuant to U.S.S.G. § 2D1.1(a)(3), (c)(3) (Nov. 2008). After a three-level reduction for acceptance of responsibility, Dunkley's total offense level was 31. In accordance with 21 U.S.C. § 960(b)(1)(G), Dunkley's statutory minimum term of imprisonment was ten years. Based on a total offense level of 31, and a criminal history category of I, Dunkley's guidelines imprisonment range was calculated at 120 to 135 months. See U.S.S.G. Ch.5, Pt.A; U.S.S.G. § 5G1.1(c)(2).

Dunkley filed a sentencing memorandum requesting a downward departure from the guidelines sentence range pursuant to U.S.S.G. § 5K2.0(a)(2)(B) or, in the alternative, a sentencing variance pursuant to 18 U.S.C. § 3553(a). See R1-29 at 1. Dunkley argued that, because of his Jamaican citizenship, his term of imprisonment would be more severe than a similarly situated American prisoner. See id. at 2. Dunkley also requested that the district court credit him for the time he served in Jamaican prison from his arrest in 2004 to his extradition in 2008. See id. at 1-2. According to Dunkley, the conditions at the Jamaican prison where he

---

[1] The PSI attributed 3,787.72 kilograms of marijuana to Dunkley.

was held were worse than any comparable United States facility. See id. at 3-4.

Dunkley's visitation rights were much more limited and the health conditions were

much worse than a comparable United States prison. Dunkley's diet consisted of

"rotten cabbage and spoiled chicken back." Id. at 3. In addition, during his

Jamaican incarceration, Dunkley was unable to attend his father's funeral. See id.

at 3-4. Dunkley concluded that he deserved a downward departure or a sentencing

variance because his guidelines range did not reflect the prison conditions he

endured from 2004 to 2008.

The government filed a response to Dunkley's memorandum. See R1-30.

First, the government noted that the PSI attributed over 3000 kilograms of

marijuana to Dunkley whereas his plea agreement stipulated that Dunkley

conspired to import 1000 kilograms or more into the United States. See id. at 1.

After accounting for the smaller amount of marijuana, Dunkley's base offense

should have been 32. The government also stated that it expected Dunkley to

provide a safety-valve statement qualifying him for a two-level reduction, which

would bring his offense level to 30. See id. at 1-2. According to the government,

after factoring in an additional three-level reduction for acceptance of

responsibility, Dunkley's resulting guidelines range should be seventy to eighty-

seven months of imprisonment. See id. at 2.

At sentencing, after some questions about the correct amount of marijuana attributed to Dunkley, the court resolved to sentence him based on 1000 kilograms of marijuana, in deference to the plea agreement. See R3 at 2-6, 12-13. Next, the government informed the court that Dunkley qualified for the two-level safety valve reduction. See id. at 6. Dunkley then reiterated his request for a downward departure pursuant to U.S.S.G. § 5K2.0(a)(2)(b). See id. at 8. Dunkley noted that his § 5K2.0 arguments also applied to his request for a downward variance pursuant to § 3553(a) because a similarly situated American defendant would not have endured similar prison conditions. See id. at 10-11.

Because the district court decided to sentence Dunkley based on 1000 kilograms of marijuana, his sentencing range was determined to be seventy to eighty-seven months of imprisonment. See id. at 12-13, 17. After considering the statements of the parties, the PSI, and the statutory factors, the district court sentenced Dunkley to seventy-five months of imprisonment. See id. at 17. The district court refused to order that the Bureau of Prisons credit Dunkley for his pretrial imprisonment in Jamaica. This appeal followed. See R1-33.

On appeal, Dunkley argues that his sentence is substantively and procedurally unreasonable. Dunkley contends his sentence is greater than necessary to comply with the statutory goals of § 3553(a). He emphasizes that his

crime was non-violent, he has no prior criminal record, and his sentence will be more severe on him than for a similarly situated American citizen because he will not be able to visit his family regularly. Dunkley further argues that his sentence does not reflect the three years he spent in Jamaican prison awaiting extradition. Dunkley argues his sentence is procedurally unreasonable because the district court did not specifically state its reasons for the sentence. Dunkley contends that the district court committed a "serious procedural error" when it failed to acknowledge the particular § 3553(a) factors used to determine his sentence.

## II. DISCUSSION

We review sentences imposed by the district court for reasonableness using the abuse-of-discretion standard. See United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). Our reasonableness review is deferential and "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam). "[O]rdinarily we would expect a sentence within the Guidelines range to be reasonable." Id.

The district court must impose a sentence that is both procedurally and substantively reasonable. Gall v. United States, 552 U.S. 38, __ 128 S. Ct. 586,

6

597 (2007). The Supreme Court has explained that a sentence would be procedurally unreasonable if the district court improperly calculated the guideline imprisonment range, treated the guidelines as mandatory, failed to consider the appropriate statutory factors, based the sentence on clearly erroneous facts, or failed to explain its reasoning adequately. See id., 128 S. Ct. at 597. "[A] sentence . . . may be substantively unreasonable if it does not achieve the purposes of sentencing stated in § 3553(a)." Pugh, 515 F.3d at 1191 (quotation marks and citation omitted). Moreover, we "are obliged to remand for resentencing if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors." Id. (quotation marks and citation omitted).

Generally, when sentencing inside the advisory guideline range, the district court is not required to state explicitly that it has considered each of the § 3553(a) factors, or to give a lengthy explanation for its sentence. See United States v. Agbai, 497 F.3d 1226, 1230 (11th Cir. 2007) (per curiam) (citing Rita v. United States, 551 U.S. 338, ___, 127 S. Ct. 2456, 2468-69 (2007)). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007) (quotation marks and citation omitted). While the district court must consider the

7

factors, it is not required to discuss each factor individually. See Talley, 431 F.3d at 786. The court must merely acknowledge "that it has considered the defendant's arguments and the [§ 3553(a)] factors." Id.

Dunkley's seventy-five month sentence is within the advisory guideline range. Furthermore, the record reflects that the district court explicitly considered Dunkley's arguments, the guidelines range, and the § 3553(a) factors when it sentenced him. The district court stated that it had originally intended to sentence Dunkley to eighty-seven months of imprisonment, but was reducing that term in light of the testimony at the sentencing hearing. See R3 at 17. Because the district court considered all of Dunkley's arguments and considered the factors outlined by § 3553(a), the sentence it imposed is substantively reasonable.

Dunkley's only argument that the sentence is procedurally unreasonable is that the judge did not specifically state the particular § 3553(a) factors used to determine Dunkley's sentence. However, we have held that a specific recitation is not required, and that the district court only needs to make clear that the sentence is the product of reasoned decision making. See Agbai, 497 F.3d at 1230. Because Dunkley has not shown that the district court failed to consider the appropriate statutory factors or failed to explain its reasoning adequately, we conclude that Dunkley's sentence is procedurally, as well as substantively, reasonable.

### III. CONCLUSION

Dunkley appeals his seventy-five month sentence for conspiring to import 1000 kilograms or more of marijuana into the United States.  Dunkley argues that his sentence is substantively and procedurally unreasonable.  We disagree and AFFIRM the judgment of the district court.

**AFFIRMED.**